■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES DE VITA, Also Known as JAMES A. DE VITA, Also Known as JAMES DE VITO, True Name JAMES ALFRED DE VITA, Appellant.— Appeal from a judgment of the County Court, Queens County, convicting appellant of burglary in the third degree, grand larceny in the first degree, and possession of burglar's instruments as a felony, and sentencing him as a second felony offender for terms of not less than 7 and not more than 20 years for the burglary and for the larceny convictions, and for a term of not less than 7 and not more than 14 years on the conviction for possession of burglar's instruments, such sentences to run concurrently, and from intermediate orders including those denying motions in arrest of judgment and for a new trial. Judgment reversed on the facts and a new trial ordered. It was error of a highly prejudicial nature for the court to apprise the jury of the intention of the codefendant to plead guilty. Although the court excused the jury while the actual plea was being taken, he again alluded to it in his charge, which did not cure the error but rather accentuated it. Additionally, the comments of the assistant district attorney in summation were highly improper and uncalled for. They exceeded the bounds of fair comment. Under the foregoing circumstances a fair trial was not had, and a new trial is required in the interests of justice. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Murphy, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., and Beldock, J., dissent and vote to affirm, with the following memorandum: The errors alluded to by the majority were not made the subject of any objection or exception, and the fact that the codefendant had entered a plea of guilty was brought to the attention of the jury by appellant's attorney, in a request that the jury be charged that they might take into consideration the failure of the People to call the codefendant as a witness, after his plea of guilty. In any event, appellant's guilt was established beyond a reasonable doubt, and the errors now complained of did not affect any of his substantial rights. Consequently, they should be disregarded (Code Crim. Pro., § 542).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL W. WIRTHS, JR., Appellant.— Appeal from a judgment of the County Court, Nassau County, convicting appellant of burglary in the third degree upon his plea of guilty and from each and every intermediate order therein made. Appellant, an alien, was sentenced, as a second felony offender, to a term of not less than 10 and not more than 20 years in a State prison, with a recommendation that he be deported as soon as possible. Judgment unanimously affirmed. No opinion. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ.